## Thom Express and Storage Company, Appellee, v. Kemper Brothers Company, Appellant.

### Gen. No. 15,086.

1. CONTRACTS—*burden of proof to establish*. The burden is upon the plaintiff relying upon a contract as his basis of recovery to establish by a preponderance of the evidence the terms thereof.

2. EVIDENCE—*what does not establish preponderance*. A preponderance is not established by the testimony of one witness directly contradicted by two at least equally credible witnesses, one of whom was called by the plaintiff itself.

Assumpsit. Appeal from the Circuit Court of Cook county; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Reversed. Opinion filed December 2, 1910.

CHRISTIAN MEIER and PAUL C. MEIER, for appellant.

DEFREES, BUCKINGHAM, RITTER & CAMPBELL, for appellee; DORRANCE DIBELL SNAPP, of counsel.

MR. PRESIDING JUSTICE MACK delivered the opinion of the court.

Defendant company agreed with one C. M. Thom to buy in property at a receiver's sale under bankruptcy proceedings against Thom and to resell to a company to be formed by Thom. After the receiver's sale and the subsequent incorporation of plaintiff company, defendant renewed the original offer to plaintiff company which claims that it accepted it by resolution of its directors communicated to defendant. There is however a conflict as to the terms. Thom testifies that plaintiff was not to pay attorney fees and that there were no other conditions. Kemper, whom plaintiff first called as its own witness, and defendant's attorney who conducted the negotiations, directly contradict Thom's testimony. There are no circumstances surrounding the transaction which would lend additional weight to either side. The burden was on the plaintiff to establish the terms of the contract and its compliance therewith. This it has failed to do. A preponderance is not established by the testimony of one witness, directly contradicted by two at least equally credible witnesses, one of whom was called by the plaintiff itself.

As there is no suggestion that plaintiff was ever ready and willing or offered to perform its obligations under the terms of the contract established by the preponderance of the evidence, as in fact it refused so to do when demand was made upon it by defendant, it cannot now hold defendant liable for a breach of contract because, subsequently to the demand and refusal, defendant disposed of the goods.

The judgment in favor of plaintiff must therefore be reversed.

*Reversed.*